Steven P. Chang, SBN: 221783
Connie Chou, SBN: 230910
**LAW OFFICES OF STEVEN P. CHANG**
801 South Garfield Avenue, Suite 338
Alhambra, California 91801
Tel.: (626)281-1232
Fax: (626)281-2919

Attorney for Debtor
Caridad Salas Hileman

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 10-bk-14174-MT |
| Caridad Salas Hileman, | Chapter 13 |
| Debtor. | **ADVERSARY COMPLAINT FOR INJUNCTIVE RELIEF** |
| Debtor(s). | |
| Caridad Salas Hileman, | |
| vs | |
| OneWest Bank, FSB, a corporation; and DOES 1-10. | **Date:**<br>**Time:**<br>**Place: Courtroom 302**<br>**Judge: Hon. Maureen A. Tighe** |

COMES NOW Plaintiff, Chapter 13 Debtor CARIDAD HILEMAN, an individual, to complain against OneWest Bank, FSB, a corporation, and DOES 1-10, as follows:

1.      The Court has jurisdiction over this proceeding pursuant to 28 USC. §1334 (a).

2.      This is a core proceeding under 28 U.S.C. § 157(b) (2) (K) and (0).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1409 (a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this court.

4.      On April 12, 2010, Debtor HILEMAN files for relief for bankruptcy protection.[1]

5.      In Debtor's original Chapter 13 Plan Debtor proposes to repay OneWest Bank its arrearages in the amount of $26,508.00 over 60 months.

6.      On June 15, 2010, OneWest Bank filed a Proof of Claim, Claim No. 5, claiming $28,276.81 as the mortgage arrearages.  **SEE ATTACHED EXHIBIT "A" true and correct copy of OneWest Bank's Proof of Claim filed on June 15, 2010.**

7.      In response, Debtor amends her Chapter 13 plan on July 28, 2010 providing for full arrearage of ONEWEST BANK's claim as set forth in ONEWEST BANK's Proof of Claim No. 5 over the life of the bankruptcy plan.  **SEE ATTACHED EXHIBIT "B" true and correct copy of the Amended Plan of July 28, 2010.**

8.      The amended plan was properly served on all parties.  Thereafter, Debtor complied with all orders of Court, timely paid her secured debts, and resolved all issues with the Chapter 13 trustee.

9.      On October 14, 2010, at Debtor's confirmation hearing, this Court confirmed the amended Plan of July 28, 2010.  **SEE ATTACHED EXHIBIT "C" true and correct copy of the Confirmation Order of October 14, 2010.**

10.     Since confirmation, Debtor has been timely with all of her Plan Payment.

11.     In or about November 2010, despite having previously received and accepted mortgage payments, Creditor OneWest Bank refuses to accept further mortgage payments and returns mortgage payment to Debtor.

12.     In or about February 15, 2011, creditor initiated foreclosure sale against Debtor despite the confirmed Chapter 13 Plan.  The sale is schedule for March 2, 2011 at 10:30AM. **SEE**

---

[1] Debtor had a prior filing bankruptcy filing, Case No. 09-bk-26160-MT by a different attorney who caused the case to be dismissed.  In the current, because Debtor was unable to timely bring the motion to extend the automatic stay, therefore, the automatic stay only lasted 30 days in this current case.

1  **ATTACHED EXHIBIT "D"** true and correct copy of the Notice of Trustee Sale of March 2,

2  **2011.**

3        13.     Debtor and Debtor's counsel made multiple oral requests on February 11, February

4  16, and February 17, 2011 and two written requests on February 17, 2011 demanded an immediate

5  cease and desist, but to no avail.

6

7  **I.**

8  **FIRST CLAIM FOR RELIEF**

9  **INJUNCTION AGAINST ONEWEST BANK AND ITS AGENT, SUBSIDIARY,**

10  **ASSIGNS, AND SUCCESSORS FROM CONDUCTING FORECLOSURE SALE OF**

11  **SUBJECT PROPERTY LOCATED AT 14568 HAYNES ST., VAN NUYS, CA 91411**

12  **DURING THE BANKRUPTCY**

13        14.     Plaintiff re-alleges the allegations in paragraphs 1 through 13 of the Complaint as if

14  fully set forth here.

15        15.     Plaintiff alleges by virtue of the confirmed Plan under 11 U.S.C. Sec. 1327, the

16  Secured Creditor is bound by the plan and should not proceed without any default by Debtor to

17  foreclose on the subject property.

18        16.     The principal of equity including laches and estoppel should compel the issuance of

19  this injunction as the Secured Creditor has been and is receiving its arrearage pay out from the

20  Chapter 13 trustee under the Chapter 13 plan.

21

22  **REQUEST FOR JUDGMENTS AND ORDERS**

23       Based on the foregoing, Plaintiff requests that the Court enter a judgment that:

24        1.     Issues an injunction against foreclosure activities against Debtor's residence

25  without prior Order from this Court;

26        2.     Reimbursement of Attorney's Fees and Costs; and

27        3.     For such other relief the Court deems just and proper.

28

1

2                                              Respectfully Submitted,
                                               LAW OFFICES OF STEVEN P. CHANG
3

4

5   Dated: February 23, 2011        By:        _____/s/ Steven P. Chang_____
                                               Steven P. Chang, Attorney for Debtor
6                                              Caridad Salas Hileman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**OneWest Bank's Proof of Claim filed on June 15, 2010**

B10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT,    CENTRAL    DISTRICT OF    CALIFORNIA (San Fernando Valley) | PROOF OF CLAIM |
|---|---|

| Name of Debtor:    CARIDAD SALAS HILEMAN | Case Number: 1:10-bk-14174-MT |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):
ONEWEST BANK, FSB

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
ONEWEST BANK, FSB
2900 ESPERANZA CROSSING
AUSTIN, TX 78759
Telephone number: (949) 252-9400

Court Claim Number:
*(If known)*

Filed on:

Name and address where payment should be sent (if different from above):

☐ Check box in you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of

☐ Check box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $455,170.05

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    Money Loaned

**3. Last four digits of any number by which creditor identifies debtor:**    XXXX6271

  **3a. Debtor may have scheduled account as:**

**4. Secured Claim**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☒ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:    14658 Haynes Street
Van Nuys, CA 91411

Value of Property:    Annual Interest Rate
Amount of arrearage and other charges as of time case filed included in secured claim,
if any:    $28,276.81    Basis for perfection:

Amount of Secured Claim:    $455,170.05    Amount Unsecured:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$

*Amount are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:    *June 15, 2010* | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*/s/William G. Malcolm*    William G. Malcolm,  for OneWest Bank, FSB | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.    B10

Proof of Claim

Exhibit "1"

| | |
|---|---:|
| **Payment Total:** | $ 23,888.37 |
| **Late charge Total:** | $ 0.00 |
| **Other charges Total:** | $ 4,388.44 |
| **Arrears Total:** | $ 28,276.81 |

**Pre-Petition Arrears:**
11 payments due at $ 2,171.67 each     $ 23,888.37
(June/2009 to April/2010)

Proof of Claim

**Exhibit "1" continue**

**Other charges total:**                    $4,388.44

**Other Charges:**

| | |
|---|---|
| BPO | $ 145.00 |
| NSF Fee | $ 25.00 |
| Speed Pay | $ 15.00 |
| Bankruptcy Fees | $ 700.00 |
| Misc. Costs | $ 30.00 |
| Insp. Fee (Corp) | $ 88.00 |
| Late Charge | $ 977.22 |
| Foreclosure Fees | $ 585.00 |
| Foreclosure Costs | $ 1,823.22 |

| In re:    CARIDAD SALAS HILEMAN | CHAPTER:  13 |
|---|---|
| Debtor(s). | CASE NUMBER:   1:10-bk-14174-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Malcolm ♦ Cisneros
A Law Corporation
2112 Business Center Drive
Second Floor
Irvine CA 92612

A true and correct copy of the foregoing document described as <u>Proof of Claim</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner in indicated below:

**I.** <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u> - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>6/15/2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary roceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Chapter 13 Trustee:   Elizabeth (sv) f Rojas   cacb_ecf_sv@ch13wla.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>June 15, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

Debtor:  Caridad Salas Hileman  14658 Haynes Street  Van Nuys, CA 91411

Debtor's Attorney:  Steven P. Chang  801 S. Garfield Ave., Ste. 338  Alhambra, CA 91801

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 15, 2010 | MICHAEL LU | /s/Michael Lu |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 9013-3.1

NCF Rev 1013

E:\BCP\PDFExport\MyCompany\POC\2010-06\Docs\m66516.Hileman.ml.poc-6689.pdf

# EXHIBIT B

**Amended Plan of July 28, 2010**

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

Steven P. Chang
Law Offices of Steven P. Chang
801 S. Garfield Ave., Suite 338, Alhambra, CA 91801
TEL: 626-281-1232    FAX: 626-281-2919
☒ Attorney for: Debtor

**FOR COURT USE ONLY**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re: Caridad Salas Hileman

Debtor(s).

CASE NO.: 10-14174

CHAPTER: 13

ADV. NO.:

## ELECTRONIC FILING DECLARATION
(INDIVIDUAL)

☐ Petition, statement of affairs, schedules or lists          Date Filed: _____

☒ Amendments to the petition, statement of affairs, schedules or lists    Date Filed: July 28, 2010

☐ Other: _____          Date Filed: _____

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/" followed by my name, on the signature line(s) for the Signing Party in the Filed Document serve as my signature and denote the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a Statement of Social Security Number(s) (Form B21) and provided the executed original to my attorney.

_Caridad Hileman_          July 28, 2010
Signature of Signing Party          Date

Caridad Salas Hileman
Printed Name of Signing Party


Signature of Joint Debtor (if applicable)          Date


Printed Name of Joint Debtor (if applicable)

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California, (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed, and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court

_[signature]_          July 28, 2010
Signature of Attorney for Signing Party          Date

STEVEN P. CHANG
Printed Name of Attorney for Signing Party

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                                Case No. <u>1:10-bk-14174</u>

<u>Hileman, Caridad Salas</u>                                        Chapter <u>13</u>
Debtor(s)

## AMENDED SCHEDULES OR DOCUMENTS

A filing fee of $26 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added? Yes ____ No ✓

Indicate below which schedule(s) is(are) being amended.

A _____ B _____ C _____ D _____ E _____ F _____ G _____ H _____ I _____ J _____

Statement of Affairs _____ Statement of Intentions _____ Other ✓

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We do hereby declare under penalty of perjury that the foregoing is true and correct.

*** FOR COURT USE ONLY ***

Date: <u>July 28, 2010</u>

Signature: <u>/s/ Caridad Salas Hileman</u>
*Debtor*

Signature: _____
*(Joint Debtor, if any)*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

Dated: <u>July 28, 2010</u>                                    <u>Vivian Quach</u>
                                                                        *Print or Type Name*


                                                          <u>/s/ Vivian Quach</u>
                                                                        *Signature*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] • Forms Software Only

| | | |
|---|---|---|
| Amerian Honda Finance Corporation<br>PO BOX 168088<br>Irving, TX  75016 | Los Angeles County Tax Collector<br>225 North Hill St<br>Los Angeles, CA  90012 | One West Bank<br>6900 Beatrice Dr<br>Kalamazoo, MI  49009 |
| Wells Fargo Bank<br>PO BOX 4233<br>Portland, OR  97208 | Wells Fargo Bank<br>PO BOX 5445<br>Portland, OR  97228 | Elizabeth Rojas<br>Chapter 13 Trustee<br>Noble Professional Center<br>15060 Ventura Blvd., Suite 240<br>Sherman Oaks, CA 91403 |

Name <u>Law Offices of Steven P. Chang</u>

Address <u>801 S. Garfield Ave. #338</u>

<u>Alhambra, CA  91801-4486</u>

Telephone <u>(626) 281-1232</u> (FAX) <u>(626) 281-2919</u>

☒ Attorney for Debtor(s)

State Bar I.D. No. <u>221783</u>

☐ Debtor(s) in Pro Se (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years:<br><br>**Hileman, Caridad Salas** | Chapter 13 Case No. **1:10-bk-14174MT**<br><br>**FIRST AMENDED CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date: 05/26/2010**<br>**Time:  2:00 PM**<br>**Place: Rm 105, 21051 Warner Center Lane, Woodland Hills CA 91367**<br><br>**CONFIRMATION HEARING:**<br>**Date: 08/24/2010**<br>**Time:  9:00AM**<br>**Place: Rm 303, 21041 Burbank Blvd, Woodland Hills CA 91367** |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Debtor proposes the following plan and makes the following declarations:

I.   **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

Debtor submits the following to the supervision and control of the Chapter 13 trustee:

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

*Revised December 2009*

**F 3015-1.1**

Chapter 13 Plan (Rev. 12/09) – Page 2                                    2006 USBC, Central District of California

A. Payments by debtor of $ <u>659.34</u> per month for <u>60</u> months. This monthly payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ <u>39,560.40</u> which is estimated to pay <u>0.00</u> % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account | Amount |
|---|---|---|---|
| None | | | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: <u>None</u>

II.  **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding <u>15.05</u> % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding <u>15.05</u> % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 |
|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Revised December 2009

**F 3015-1.1**

Chapter 13 Plan (Rev. 12/09) – Page 3                                          2006 USBC, Central District of California

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $ 2,000.00 | | $ 33.33 | 60 | $ 2,000.00 |
| (3) Chapter 7 Trustee's Fees | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ | % | $ | | $ |

| CLASS 2 |
|---|
| **CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE** |

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

One West Bank                                           6271
_____     _____
(name of creditor)                                    (last 4 digits of account number)


_____     _____
(name of creditor)                                    (last 4 digits of account number)
**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| One West Bank | 6271 | $ 28,276.81 | % 0.00 | $ 471.29 | 60 | $ 28,276.81 |

| CLASS 3 |
|---|
| **CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN** |

| Name of Creditor | Last 4 Digits of Account Number | Claim Total | Secured Claim Amount | Interest Rate | Equal Monthly Payment | Number of Months | Total Payment |
|---|---|---|---|---|---|---|---|
| Los Angeles County Tax Collector | 4012 | $ 4,376.31 | $ 4,376.31 | % 8.00 | $ 88.74 | 60 | $ 5,324.10 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Revised December 2009                                                          F 3015-1.1

Chapter 13 Plan (Rev. 12/09) – Page 4                                    2006 USBC, Central District of California

| CLASS 4 |
|---|

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                               (last 4 digits of account number)

_____          _____
(name of creditor)                               (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| NAME OF CREDITOR | LAST FOUR DIGITS OF ACCOUNT NUMBER | Cure of Default | | | |
|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| None | | $ | % | $ | | $ |

| CLASS 5 |
|---|

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $ <u>3.69</u>.

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

**OR**

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

**III.  COMPARISON WITH CHAPTER 7**

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ <u>0</u> which is estimated to pay 0 % of the scheduled nonpriority unsecured debt.

**IV.  PLAN ANALYSIS**

| | | |
|---|---|---|
| CLASS 1a | $ | 2,000.00 |
| CLASS 1b | $ | 0.00 |
| CLASS 1c | $ | 0.00 |
| CLASS 2 | $ | 28,276.81 |
| CLASS 3 | $ | 5,324.10 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Chapter 13 Plan (Rev. 12/09) – Page 5                                    2006 USBC, Central District of California

| CLASS 4 | $ | 0.00 |
|---|---|---|
| CLASS 5 | $ | 3.69 |
| SUB-TOTAL | $ | 35,604.60 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ | 3,955.80 |
| TOTAL PAYMENT | | 39,560.40 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
**None**

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
**None**

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
**Amerian Honda Finance Corporation**

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
**None**

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)
**None**

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.  REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: __July 28, 2010__

/s/ Steven P. Chang
Attorney for Debtor(s)
/s/ Caridad Salas Hileman
Debtor

Joint Debtor

# EXHIBIT C

**Confirmation Order of October 14, 2010**

| Attorney or Party Name, Address, Telephone & FAX No., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elizabeth F. Rojas<br>Chapter 13 Trustee<br>15060 Ventura Blvd, Suite 240<br>Sherman Oaks, CA 91403<br>Tel. (818) 933-5700<br>Fax (818) 933-5755<br><br>*Chapter 13 Trustee* | **FILED & ENTERED**<br><br>**OCT 28 2010**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY adomingu DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br>  CARIDAD SALAS HILEMAN<br><br><br><br><br><br>                                    Debtor(s). | CASE NO.: **SV10-14174-MT**<br><br>CHAPTER: 13<br><br>**ORDER CONFIRMING<br>CHAPTER 13 PLAN**<br><br>DATE:        October 12, 2010<br>TIME:        9:30 am<br>PLACE:      Courtroom 302<br>               21041 Burbank Blvd.<br>               Woodland Hills, CA 91367 |

The Chapter 13 Plan or last amended plan, if any (the "Plan") of debtor(s), was filed on <u>July 28, 2010</u>.

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure. The debtor (s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a). The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1.  Plan Payments:

    a.  [X] The amount of each monthly plan payment is <u>$659.00</u>. The due date is the <u>12th</u> day of each month for <u>60</u> months. The Plan provides for the payment of <u>0.00</u>% of allowed claims for general unsecured creditors.

    b.  [ ] The amount of each monthly plan payment is $_____ for months _____. For months _____, the monthly plan payment is $_____. The due date is ____ day of each month. The Plan provides for the payment of _____% of allowed claims for general unsecured creditors.

2.  Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to the post -petition defaults by the debtor(s).

3.  Other provisions:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*                                    Page 1                                    **F 3015-1.21.ORDER**

a. [X]  This is a base plan with the debtor(s) paying at least $659.00 of disposable income into the Plan.  The debtor(s) shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%.  The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the debtor(s) or the claims have been paid in full without further notice or order from the court.

b. [X]  The Trustee is authorized to make payment to holders of secured claims based on the plan.  However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

c. [X]  Counsel for debtor(s) is awarded fees of $4,000.00; having previously received $2,000.00 , counsel is entitled to payment of $2,000.00 from the estate.

d. [X]  Additional provisions incorporated in this Order:
   1.  Debtor(s) must pay the base plan amount or the percentage to unsecured creditors, whichever is greater.
   2.  In addition to the monthly plan payments, tax refunds received during the term of the plan are pledged to the plan.
   3.  The plan is modified to comply with the requirements of the court's approved plan form.
   4.  Debtor(s) reserve the right to object to any claim notwithstanding any plan interlineations.

e. [ ]  Interlineations:

\###

\###

\###

\###

DATED: October 28, 2010

_____
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT D

**Notice of Trustee Sale of March 2, 2011**

[RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:]

**Trustee Corps**
**17100 Gillette Avenue**
**Irvine, CA 92614**

---

[Space above this line for recorder's use only]

Trustee Sale # CA0847478   Loan# 1009166271     Order # 090430367

# NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED <u>11/16/2006</u>.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On <u>03/02/2011</u> at <u>10:30AM</u>, <u>MTC FINANCIAL INC., dba TRUSTEE CORPS</u> as the duly appointed Substituted Trustee under and pursuant to Deed of Trust <u>Recorded on 11/29/2006 as Document No. 062638867</u> of official records in the Office of the Recorder of <u>Los Angeles</u> County, <u>CALIFORNIA</u>, executed by, <u>CARIDAD S HILEMAN A SINGLE WOMAN</u>, as Trustor, <u>SBMC MORTGAGE</u>, as Beneficiary,

**WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state).  **AT: THE WEST SIDE OF THE LOS ANGELES COUNTY COURTHOUSE DIRECTLY FACING NORWALK BLVD., 12720 NORWALK BLVD., NORWALK, CA**

The property heretofore described is being sold "as is".  All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State describing the land therein:  APN # 2236-014-012

**AS MORE FULLY DESCRIBED ON SAID DEED OF TRUST.**

The street address and other common designation, if any, of the real property described above is purported to be:

**14658 HYNES STREET, VAN NUYS AREA, LOS ANGLES, CA 91411**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.  Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the Note(s) secured by said Deed of Trust, with interest thereon, as provided in said Note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.  The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Trustee's Sale is: **$475,292.14  (estimated amount).  Accrued interest and additional advances, if any, will increase this figure prior to sale.**

**<u>If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.</u>**

The Beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell.  The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located and more than three months have elapsed since such recordation.

## NOTICE OF SALE
### PURSUANT TO SECTION 2924.8 OF THE CIVIL CODE

Foreclosure process has begun on this property, which may affect your right to continue to live in this property. Twenty days or more after the date of this notice, this property may be sold at foreclosure. If you are renting this property, the new property owner may either give you a new lease or rental agreement or provide you with a 60-day eviction notice. However, other laws may prohibit an eviction in this circumstance or provide you with a longer notice before eviction. You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights you may have.

### 出售公告
### 依据民法典第2924.8章

因本房产的赎进程序已经开始。这可能会影响您在此继续居住的权利。从本通知起的二十天后，本房产可能会被出售。如果你是租房户，新的房主可能给你新的出租协议，或通知您在60天内搬家。但有些法律可能禁止在此情况下的消房，或可为您提供更长的搬家期限。您可以与您的律师，您当地的法律援助或房屋咨询机构讨论您的有关权利。

### 매매 통고
### 민법 제 2924.8 항에 의거

이 건물에 대한 차입 절차가 시작되었으며, 그로 인해 귀하가 이 건물에서 계속해서 거주할 수 있는 권리에도 영향이 미칠 수 있습니다. 이 통고문의 날짜로부터 20일 혹은 그 후에, 이 건물은 차입 매매될 수 있습니다. 만약 귀하가 이 건물을 임차하고 있다면, 새로운 건물 소유주는 귀하의 새임대차 계약을 하거나 또는 60일 이내 퇴거하라는 통고를 할 수 있습니다. 그러나, 다른 법률들은 이런 상황에서의 퇴거를 금지하거나 또는 귀하에게 퇴거하기 전까지 연장된 기간의 통고를 하도록 할 수도 있습니다. 귀하의 권리에 대한 상담을 하기 위해 귀하는 변호사 또는 귀하가 있는 지역의 법률 구호 기관 혹은 주택 상담 기관에 연락할 수도 있습니다.

### ANUNCIO DE VENTA
### SEGÚN LA SECCIÓN 2924.8 DEL CÓDIGO CIVIL

El proceso de ejecución de hipoteca ha comenzado en esta propiedad, lo que puede afectar su derecho de vivir en esta propiedad. La propiedad puede ser vendida en ejecución de hipoteca veinte días o más después de la fecha de este aviso. Si usted está rentando esta propiedad, el nuevo dueño de la propiedad puede darle a usted un nuevo contrato de arrendamiento o alquiler o darle un aviso de desalojo de 60-días. Sin embargo, otras leyes tal vez puedan prohibir un desalojo en esta circunstancia o proveerle a usted un aviso de desalojo de más tiempo para que desaloje la propiedad. Tal vez usted desee comunicarse con un abogado o su ayuda legal de la localidad o agencia de consejería de vivienda para hablar de cualquier derecho que usted tal vez tenga.

### PAUNAWA SA PAGBENTA
### BATAY SA SEKSYON 2924.8 NG NILAGDAANG SIBIL

Ang proseso ng pagreremata ay nagsimula na sa pag-aaring ito, na kung saan ay maaaring makaapekto sa inyong karapatan na tuluyang manirahan sa pag-aaring nabanggit. Dalawampung-araw o higit pa matapos ang petsang naisagawa ang paunawang ito, ang nasabing pag-aari ay maaari nang ibenta batay sa pagremala. Kung kayo ay nangungupahan sa pag-aaring ito, ang bagong may-ari ay maaaring magbigay ng bagong kasunduan sa paghiram o pagbenta o bigyan kayo ng kasulatan na paunawa na makalipat sa loob ng 60 na araw. Gayunpaman, maaaring ipagbawal ng ibang batas ang pagpapaalis sa pagkakataong ito o maaaring bigyan kayo ng mas mahabang panahon bago ang pagpapaalis. Minumungkahi kayong makipagbigay alam sa inyong abogado o lokal na katulong pang-legal o ahensiya ng payong pabahay upang pag-usapan ang alinmang karapatan na kayo ay mayroon.

### THÔNG BÁO BÁN
### THEO ĐIỀU 2924.8 BỘ LUẬT DÂN SỰ

Việc bắt đầu tịch thu tài sản này có thể ảnh hưởng đến quyền tiếp tục sinh sống của bạn tại đây. Bắt đầu từ hai mươi ngày trở đi sau thông báo, tài sản này có thể bị tịch thu để trả nợ. Nếu bạn đang mướn nhà tại đây, chủ tài sản mới sẽ gửi cho bạn cam kết mới về việc thuê hoặc mướn hoặc có thể sẽ gửi cho bạn thông báo rời khỏi nhà trong vòng 60 ngày. Tuy nhiên, một số luật khác có thể không cho phép việc yêu cầu rời khỏi nhà trong trường hợp này mà gửi cho bạn thông báo sớm hơn trước khi yêu cầu bạn rời đi. Bạn nên liên hệ với luật sư hoặc tổ chức giúp đỡ luật địa phương hoặc cơ sở tư vấn nhà để tham khảo những quyền bạn có.

2924.8(c) - Sunsets Jan. 1, 2013

Trustee Sale #: CA0847478  Loan #: 1009166271  Title Order#: 090430367  Investor #:

DATED: _08/31/09_

BENEFICIARY:
**ONEWEST BANK, F.S.B.**

BY: _JC San Pedro_    Authorized Signatory

STATE OF ___Texas___
COUNTY OF ___Travis___

On _8-31-09_ before me, ___Alex McBride_____ a notary public, personally appeared ___JC San Pedro___ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ___Texas___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public in and for said County and State

ALEX MCBRIDE
Notary Public, State of Texas
My Commission Expires
November 10, 2010

2

FORM B104 (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Caridad Salas Hileman | DEFENDANTS<br>OneWest Bank, FSB, a corporation; and DOES 1-10. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Law Offices of Steven P. Chang<br>Steven P. Chang;  CA State Bar No.: 221783<br>801 S. Garfield Ave., #338 Alhambra, CA 91801 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br><br>☐ Creditor     ☐ Other<br><br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br><br>☑ Creditor     ☐ Other<br><br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
INJUNCTION AGAINST ONEWEST BANK AND ITS AGENT, SUBSIDIARY, ASSIGNS, AND SUCCESSORS FROM CONDUCTING FORECLOSURE SALE OF SUBJECT PROPERTY LOCATED AT 14568 HAYNES ST., VAN NUYS, CA 91411 DURING THE BANKRUPTCY

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐1☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought |
|---|
| |

FORM B104 (08/07), page 2                                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br><br>Caridad Salas Hileman | BANKRUPTCY CASE NO.<br><br>10-bk-14174-MT |

| DISTRICT IN WHICH CASE IS PENDING<br><br>Central district | DIVISIONAL OFFICE<br><br>San Fernando Valley | NAME OF JUDGE<br><br>Maureen A. Tighe |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br><br>2/23/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Steven P. Chang |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Steven P. Chang CA State Bar No.: 221783<br>Law Offices of Steven P. Chang<br>801 S. Garfield Ave., #338 Alhambra, CA 91801<br>(626)281-1232<br>Fax: (626)281-2919<br><br><br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Caridad Salas Hileman | CHAPTER  13 |
|---|---|
| | CASE NUMBER  10-bk-14174-MT |
| Debtor. | ADVERSARY NUMBER |
| Caridad Salas Hileman                    Plaintiff(s),<br><br>vs.<br><br>OneWest Bank, FSB, a corporation; and DOES 1-10.<br>                                          Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**          ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**      ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
                    *Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                                            **F 7004-1**

Summons and Notice of Status Conference  - *Page 2*                    **F 7004-1**

| In re<br>Caridad Salas Hileman | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: 10-bk-14174-MT |
|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
801 S. Garfield Ave., #338 Alhambra, CA 91801

A true and correct copy of the foregoing document described as <u>Adversary Complaint for Injunctive Relief</u>
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                 **F 7004-1**