

**FILED & ENTERED**

**JUN 13 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gasparia  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No: 1:10-bk-14174-MT |
| Caridad Salas Hileman, | Chapter: 13 |
| | **MEMORANDUM DECISION RE PRELIMINARY INJUNCTION** |
| Debtor(s). | |

    Caridad Hileman ("Debtor") filed for chapter 13 relief on April 12, 2010.  The automatic stay terminated on May 12, 2010 pursuant to 11 U.S.C. §362(c)(3)(A).  Debtor filed an untimely motion to continue the automatic stay on May 13, 2010, which this Court denied on May 26, 2010.[1]  On July 28, 2010, Debtor filed an amended plan that provided for the pre-petition arrearages owed to OneWest Bank ("OneWest") to be paid over the life of the plan. The plan was confirmed on October 14, 2010, and the debtor has kept current on all plan payments since then.  The confirmed plan does not explicitly address the expiration of the automatic stay pre-confirmation, but does provide that secured claimants will "be paid according to this plan after confirmation unless the secured creditor . . . files a proof of

---

[1] Although the court orally denied the motion and filed a notice of the reasons why in the court docket, no actual order was ever entered.

- 1 -

claim in a different amount than that provided for in the plan."[2] The plan then states that "[t]he Debtor will cure all prepetition arrearages for the primary residence through the Plan Payments as set forth below." OneWest is then listed as receiving payment of its full prepetition arrearages through monthly plan payments over 60 months. The debtor also checked the box in the plan stating that she will pay post-confirmation monthly mortgage payments directly to OneWest. The confirmation order confirmed the plan with no change to these provisions, and was silent as to the existence of any automatic stay.

OneWest stopped accepting mortgage payments in November 2010, and proceeded with a foreclosure on February 15, 2011, with a sale set for March 2, 2011. The Debtor then filed this adversary complaint and motion seeking to enjoin the sale. The Court held an emergency hearing before the foreclosure sale and preliminarily enjoined OneWest from continuing with the sale until a full hearing could be held and decision rendered on whether its actions violated the terms of the confirmed plan.

The Debtor has tendered all post-petition payments that were not accepted by OneWest and wishes to complete her chapter 13 plan. OneWest asserts that it may continue with the foreclosure based on the lack of any automatic stay in place. This controversy presents the question of whether OneWest is bound by the confirmed plan and enjoined from proceeding with enforcement of its lien, notwithstanding the lack of any stay in effect since May 12, 2010. Secondly, if OneWest is bound by the terms of the confirmed plan, is the onus on a creditor whose collateral is affected by the plan to file an objection to a chapter 13 plan? Lastly, OneWest wishes to know what it should do in this situation if the debtor defaults on either ongoing mortgage or plan payments.

If a debtor who is an individual in a case under chapter 7, 11, or 13 has had a case pending within the preceding 1-year period but was dismissed, the stay under subsection (a) will terminate with respect to the debtor on the 30th day after the filing of the later case. 11 U.S.C. § 362(c)(3)(A). The automatic stay does not spring back into effect just because a plan was confirmed, but the plan does provide for the payment of the mortgage arrearages. Section 1327(a) provides that the provisions of a confirmed plan bind the debtor and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the plan. Section 1327(b) vests the property of the estate in the debtor, and

---

[2] OneWest filed a proof of claim on June 15, 2010, indicating that the proof of claim arrearages listed therein should be paid through the plan.

- 2 -

section 1327(c) provides that such property is "free and clear of any claim or interest of any creditor provided for by the plan." These various provisions of the Code need to be interpreted harmoniously with a view to the overall statutory scheme. Food & Drug Admin. V. Brown & Williamson Tobacco Corp., 529 U.S. 120 (2000); Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33 (2008).

OneWest , relying on In re Cline, 386 B.R. 344 (Bankr. N.D. Ala. 2008), argues that because the automatic stay terminated in this case as a result of successive filings, it is permitted to exercise post-petition remedies notwithstanding the fact that the debtor confirmed a chapter 13 plan. It argues that Congress enacted 11 U.S.C. §§ 362(c)(3) & (4) as a clear instruction that serial filers would not have the advantage of a continued automatic stay and that creditors should be able to pursue their state law remedies despite the filing of a bankruptcy. It argues that allowing the confirmation order to circumvent that ignores the purpose of the stay provisions.

This position emphasizes the effect of the automatic stay in bankruptcy but completely ignores long standing jurisprudence on confirmation orders. "The fundamental binding effect of confirmation under §1327(a) has been honored in a vast number of reported decisions: if notice is adequate, the creditor that fails to object to confirmation and then to appeal an adverse decision is bound by the confirmed plan even if it contains provisions that are inconsistent with the Code that could have been defeated by a timely objection; a confirmed plan cannot be collaterally attacked after confirmation under the guise of other contests such as relief from the stay or a motion to dismiss. . . ." Keith M. Lundin, *Chapter 13 Bankruptcy* §229.1 (3d ed. 2000 & Supp. 2004). An equivalent situation arose regularly before the enactment of 11 U.S.C. § 362(c)(3)(A) where relief from stay was granted before the confirmation order was entered. The law was well settled that "[e]ven a creditor that was granted relief from the stay before confirmation is bound by the confirmed plan to accept the treatment provided in the plan." Id. at 229.10 - 229.12.

OneWest's reliance on Cline is misplaced. That court adopted a minority view that is inconsistent with the express provisions of § 1327(a) and the majority of courts addressing this situation. While the confirmation order itself does not effect a cure, In re Peters, 101 F. 3d 618, 619 (9th Cir 1996), the creditor must still hold the foreclosure sale in abeyance and accept the payments provided for in the plan while it monitors whether the confirmed plan is carried out. "Once a plan is confirmed, the plan binds the debtor and its creditors regardless of whether the stay has been vacated

prior to confirmation, so long as the debtor remains current under the plan." In re Lemma, 394 B.R. 315, 324 (Bankr. E.D.N.Y. 2008). As the Lemma court also notes, most courts post-BAPCPA have held that pre-confirmation termination of the stay by § 362(c)(3) does not divest the debtor of the ability to bind creditors under a confirmed plan. Id. at 323-34 (citing Kurtzahn v. The Sheriff of Benton County, Minn. (In re Kurtzahn), 342 B.R. 581 (Bankr. D. Minn. 2006); In re Fleming, 349 B.R. 444 (Bankr. D.S.C. 2006)). Thus, "the creditor must preserve its rights after the stay is vacated by objecting to the plan or by completing the liquidation of the collateral pre-confirmation, or else be bound to accept the treatment afforded under the confirmed plan." In re Lemma, 394 B.R. at 324.

OneWest complains that it should not have to monitor proposed plans after it has already received an order denying an extension of the automatic stay. Only last year, however, the Supreme Court clarified once and for all that plan confirmation orders in bankruptcy are final and binding, regardless of pre-confirmation rights held by creditors. In Espinosa, the debtor's plan provided for payment of the principal on his student loan, and a discharge of the interest upon plan completion. Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1197 (9th Cir.2008), aff'd unanimously, 130 S.Ct. 1367 (2010). The creditor, United Student Aid Funds ("Funds"), did not object to the plan. Despite the fact that the plan provided for a discharge of student debt in violation of the Bankruptcy Code, the bankruptcy court confirmed the debtor's plan. The debtor successfully completed the plan, and the bankruptcy court granted him a discharge. Three years later, Funds intercepted the debtor's income tax refunds. The debtor petitioned the court for an order holding Funds in contempt for violating the discharge injunction and Funds cross-moved for relief from the court's order confirming the plan, arguing that the order had been entered in violation of Fund's rights under the Bankruptcy Code and Rules because the debtor did not initiate an adversary proceeding to show that his student loans should be discharged as an undue hardship as required by § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6). Id. The Court, in reversing the district court's reversal of the bankruptcy court, found that the bankruptcy court erroneously confirmed the debtor's plan, but that, "[e]rrors committed during the course of litigation must be corrected by way of a timely appeal. We have therefore 'recognized the finality of confirmation orders even if the confirmed bankruptcy plan contains illegal provisions.'" Id. at 1199.

- 4 -

OneWest is required under Espinoza to monitor the plan provisions if it seeks to avoid being bound by plan provisions not to its liking. In the instant case, Debtor's plan contained no "illegal" provisions, nor did it contain any provisions that are inconsistent with the Code.  Furthermore, OneWest could have protected itself from being bound by the plan by filing either an objection to the treatment of its claim in the plan or by filing a timely appeal to the order confirming the plan.  OneWest is therefore bound by the terms of the plan and can no longer proceed with its foreclosure.  "The terms of the plan as confirmed fix the legal rights of the parties and the only cause for relief from the stay after the confirmation is the debtor's material failure to adhere to the payment terms set forth in the plan." Green Tree Financial Corp. v. Garrett (In re Garrett), 185 BR 620, 623 (Bankr. N.D. Ala. 1995).

OneWest also argues that it should not be deprived the certainty afforded to a creditor who obtains relief from stay by motion under § 362(d) and cites the court's Local Bankruptcy Rule 3015(r)(4) which reads:

> Payments after Relief from Automatic Stay. If an order for relief from the automatic stay is granted, unless otherwise specified in the order, the chapter 13 trustee is relieved from making any further payments to the secured creditor that obtained such relief. The secured portion of that creditor's claim is deemed withdrawn upon entry of the order for relief, without prejudice to filing an amended unsecured claim for a deficiency when appropriate. The secured creditor that obtains relief from the automatic stay must return to the chapter 13 trustee any payments the creditor receives from the chapter 13 trustee after entry of the order unless the stipulation or order provides otherwise.

While LBR 3015-1(r)(4) was drafted pre-BAPCPA and should perhaps be clarified in light of the enactment of § 362(c)(3)(A), it only contemplates a situation where an order for relief has been obtained after plan disbursements by the trustee have commenced, but not where the stay simply expired pre-confirmation.  While the legal effect of a lack of an automatic stay in these two situations may be the same, the situation contemplated by the rule is not the same. The terms of that rule also refer to a scenario where the trustee has been making payments to the secured creditor before the stay was lifted.  Here, there was no stay in effect months before the chapter 13 trustee's disbursements commenced, and OneWest both accepted mortgage payments post-confirmation from the debtor and filed a proof of claim so that it would be paid the correct amount of arrearages under the plan.  The rule has no applicability here, and a local rule cannot contravene the statutory requirements of § 1327.

- 5

OneWest argues that this result makes it impossible to know when it can assert its rights when a debtor defaults on payments under the plan. It already has relief from stay so it is no longer required to seek such relief upon default on plan payments. Relief from stay is not the only barrier, however, and OneWest would need to obtain a decision that the plan is no longer binding so that foreclosure can proceed. The Court would need to rule on whether the plan was followed, and the terms of the plan should be considered binding until the case is dismissed or a modification order is entered. Thus, OneWest should bring a motion to dismiss the case or modify the plan if there is a default in payments. A dismissal would then vacate the terms of the confirmed plan and allow OneWest to proceed as it wishes under state law. See 11 U.S.C. § 349; In re Nash, 765 F. 2d 1410, 1414 (9th Cir. 1985) (dismissal vacates a confirmed plan.)[3]

Debtor has sought sanctions and attorney fees in connection with this motion. Debtor's attorney has submitted a declaration detailing the time spent (33.3 hours) and attorney fees totaling $9,900 as a consequence of One West's attempt to foreclose. As no law was provided demonstrating a right to fees, and the law governing this situation was unclear with a split in authority, it is not clear that there is a basis for fees or sanctions at this time. As the debtor has incurred significant costs vindicating its rights, however, the debtor is invited to make a further motion providing the legal basis for the award sought now that the underlying legal issue has been clarified.

Debtor's motion for an order enjoining OneWest from proceeding with its scheduled foreclosure sale is granted. Debtor should submit an order in conformity with this ruling.

*[signature: Maureen A. Tighe]*

DATED: June 13, 2011
United States Bankruptcy Judge

---

[3] Although this holding remains unaffected, the holding of Nash relating to disbursement of funds post-dismissal has been superseded by 11 U.S.C. § 1326(a)(2). *Accord*, In re Hill, 440 B.R. 176 (Bankr. S.D. Cal. 2010)(when case dismissed, plan is no longer in effect).

- 6 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM DECISION RE PRELIMINARY INJUNCTION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 13, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- **Steven P Chang**     attorney@spclawoffice.com
- **Elizabeth (SV) F Rojas (TR)**     cacb_ecf_sv@ch13wla.com
- **Ramesh Singh**     claims@recoverycorp.com
- **Nathan F Smith**     nathan@mclaw.org
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page